IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRAD ALLEN DAVENPORT,     )
    Petitioner,     )    Civil Action No. 15-cv-299 Erie
         )
v.     )
         )    Magistrate Judge Susan Paradise Baxter
M. RECKTENWALD,     )
    Respondent.     )

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Brad Allen Davenport (the "Petitioner"), pursuant to 28 U.S.C. § 2241. He was sentenced on April 14, 2010, in the United States District Court for the Eastern District of Kentucky to a 210 month term of imprisonment. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing that sentence. For the reasons set forth below, the petition is denied.

## **I.**

**A.**    **Relevant Background**

The facts in this case are not in dispute. As the Respondents outline in their answer, on December 25, 2008, the Petitioner was arrested by local law enforcement officers in McCreary County, Kentucky, and charged at a case docketed as Criminal Case No. 09-CR-0001 with the state offenses of Theft by Unlawful Taking, First Degree Criminal Mischief, and Second Degree Persistent Felony Offender ("PFO"). Upon his arrest, he was taken into local custody.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Because local/state, non-federal authorities arrested the Petitioner first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the Commonwealth of Kentucky. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4.

On January 26, 2009, the Petitioner was charged in McCreary County Circuit Court with additional state offenses related to state criminal activity that took place on December 25, 2008. In that case, which was docketed as Criminal Case No. 09-CR-0002, he was charged with the state offenses of Third Degree Burglary, Theft by Unlawful Taking, Second Degree Criminal Mischief, and Second Degree PFO.

On April 7, 2009, the Petitioner pleaded guilty to his charges in Criminal Case No. 09-CR-0001. On June 2, 2009, he was sentenced to seven years imprisonment. The state court directed that the sentence run consecutively with the anticipated seven year sentence yet to be imposed in state Criminal

Case No. 09-CR-0002, for a total state sentence of 14 years. The court also directed that the 14-year state sentence run concurrently with any federal sentence to which the Petitioner would be subject. It further directed that the Petitioner receive 159 days of jail time credit, which accounted for the 159 days between December 25, 2008 (the date of the Petitioner's arrest), and June 1, 2009 (the date before he was sentenced). The Petitioner was subsequently sentenced in Criminal Case No. 09-CR-0002 to seven years imprisonment, consecutive to the sentence imposed in Criminal Case No. 09-CR-001.

On June 25, 2009, while the Petitioner was serving his state sentence, a federal criminal indictment was handed down in the United States District Court for the Eastern District of Kentucky, charging him with six counts of federal weapons offenses for conduct occurring on December 25, 2008. The district court issued a writ of habeas corpus ad prosequendum and directed the United States Marshals Service to produce the Petitioner in federal court for the processing of his federal criminal charges. On July 22, 2009, state authorities temporarily transferred physical custody of the Petitioner to federal authorities pursuant to that writ.

Although the Petitioner was temporarily transferred to the physical custody of federal authorities pursuant to the writ of habeas corpus ad prosequendum, the Commonwealth of Kentucky maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign – in this case, the federal

3

government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

The Petitioner pleaded guilty in his federal criminal case to Felon in Possession of a Firearm, Possession of an Unregistered Short-Barreled Shotgun and Possession of a Short-Barreled Shotgun in Furtherance of a Drug Trafficking Crime. On April 14, 2010, the federal district court sentenced him to a term of 210 months of imprisonment. It directed that the federal sentence was to run concurrently with the state sentences imposed in Criminal Case Nos. 09-CR-0001 and 09-CR-0002. Absent from the federal Judgment and Commitment Order and the Statement of Reasons ("SOR") was any indication of an intent on the part of the federal sentencing court to adjust the Petitioner's sentence or apply a downward departure under U.S.S.G. § 5G1.3, to reduce his federal sentence for time served against his state sentence prior to the commencement of his federal sentence. (See Declaration of Patricia Kitka ("Kitka Decl."), Resp's Ex. 1, at ¶ 6(v)-(m), ¶ 17; Resp's Ex. 1(i), Federal Judgment and Commitment Order).

Next, the United States Marshals Service returned physical custody of the Petitioner to the authorities with the Commonwealth of Kentucky in satisfaction of the federal writ of habeas corpus ad prosequendum. The BOP designated the Kentucky Department of Corrections as the institution where Petitioner would commence service of his federal sentence, effective April 14, 2010 (the date his federal sentence was imposed).

On October 3, 2011, the Petitioner was paroled from his state sentence to federal authorities so that he could complete service of his federal sentence. The BOP computed Petitioner's federal sentence to have commenced on the date it was imposed (April 14, 2010) pursuant to 18 U.S.C. § 3585(a). It also determined that the Petitioner was not entitled to any prior custody credit (which could also be described as pre-commencement credit) under 18 U.S.C. § 3585(b). However, the BOP did determine that the

4

Petitioner was entitled to 159 days of credit pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971) for the time served prior to the commencement of his federal sentence from December 25, 2008 (the date he was arrested for conduct related to his federal offense) through June 1, 2009 (the day before his 14-year state sentence commenced). (Kitka Decl., ¶¶ 7-17; Resp's Ex. 1 k, Sentencing Computation Data; Resp's Ex. 1l, Willis Calculation Worksheet).

The Petitioner challenged the BOP's calculation of his federal sentence through the BOP's administrative remedy process. When he did not receive the relief he sought he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that he is entitled to additional credit against his federal sentence. In the answer (ECF No. 13), the Respondent asserts that the BOP properly calculated the Petitioner's federal sentence and that the petition should be denied. The Petitioner did not file a reply. See LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

**B.** **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden, 921 F.2d at 478-79. Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence.

5

**C.     Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following federal statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and, 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

### 1.     Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier

---

[2]     The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it

7

relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The second scenario is what occurred in the Petitioner's case. He was in the primary custody of the Commonwealth of Kentucky on the date his federal sentence was imposed. Because the federal court directed that the Petitioner's federal sentence be served concurrent with his state sentences, the BOP, in accordance with its policies and procedures, designated the state facility where the Petitioner was serving his state sentences as the official detention facility at which he commenced service of his federal sentence. As a result, it was able to compute his federal sentence to have commenced on April 14, 2010 – the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. *The BOP thus commenced the Petitioner's sentence on the earliest date that it could commence.*

8

## 2. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that Petitioner is not entitled to any credit under § 3585(b) because all of the time that he served in official detention during the relevant time period (that is, from December 25, 2008 (the date he was arrested) through April 13, 2010 (the day before his federal sentence commenced)), was credited against his state sentences. Thus, the BOP is statutorily precluded from granting the Petitioner any additional credit under § 3585(b) for time he spent in official detention prior to April 14, 2010. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

9

The BOP did, however, award the Petitioner 159 days of "qualified nonfederal presentence credit" pursuant to its policies, which have incorporated the holding in Willis v. United States, 438 F.2d 923 (5th Cir.1971). Pursuant to Willis, the BOP will award sentencing credit when the following two conditions exist: (1) the non-federal and federal sentences are concurrent; and (2) the raw Effective Full Term ("EFT")[3] date of the nonfederal sentence is the same as or earlier than the raw EFT of the federal sentence. If these conditions exist, the time considered for treatment as Willis credit is the time spanning the date the federal offense conduct concluded until the date the first sentence commences, whether federal or nonfederal.

The Petitioner's federal EFT was determined by adding 210 months (the length of his federal sentence without regard to prior custody credit and/or good conduct time) to April 14, 2010 (the date his federal sentence commenced). His federal EFT was determined to be October 13, 2027. The Petitioner's non-federal EFT was determined by adding 14 years (the length of his non-federal sentence) to June 2, 2009 (the date his non-federal sentence commenced). Thus, his non-federal EFT was determined to be June 1, 2023. Because his non-federal EFT is earlier than his federal EFT, the BOP calculated that he is entitled to receive qualified non-federal presentence credit under Willis, for the 159 days he served between December 25, 2008, and June 1, 2009 (the day before the first sentence commenced).

## II.

Based upon all of the foregoing, the Petitioner has not demonstrated that the BOP erred in calculating his federal sentence. Therefore, his petition for a writ of habeas corpus is denied.[4]

---

[3] The raw EFT is the full term date of a sentence without reference to prior custody credit or good conduct time. It is determined by adding the length of the sentence imposed to the commencement date of the federal sentence.

[4] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the

An appropriate Order is attached.

Dated: February 22, 2017

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by <u>Gonzalez v. Thaler</u>, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAD ALLEN DAVENPORT, | ) | |
| Petitioner, | ) | Civil Action No. 15-cv-299 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| M. RECKTENWALD, | ) | |
| Respondent. | ) | |

## **ORDER**

AND NOW, this 22nd day of February, 2017, IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED. The Clerk of Court shall mark this case CLOSED.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. mail the Petitioner at his address of record